UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| ETHEL LEE ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | NO. 4:06-cv-57 |
| ) | |
| USAI ) | MATTICE/CARTER |
| (UNITED SERVICE ASSOCIATES, INC.) ) | |
|     Defendant. ) | |

REPORT AND RECOMMENDATION

I. Introduction

Defendant USAI's Motion to Withdraw all Motions and Pleadings (Doc. 32) is before the undersigned Magistrate Judge for a report and recommendation having been referred by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons stated herein, it is RECOMMENDED that USAI's motion be GRANTED and further that plaintiff be AWARDED an additional $3,625.00 in attorney's fees.

II. Background

At the time the instant action was filed, plaintiff was still an employee of defendant USAI, a janitorial service which held a contract to clean the Arnold Engineering Development Center in Franklin County, Tennessee. In her complaint, plaintiff alleged disparate treatment, retaliation, and a hostile work environment on the basis of race by her employer, USAI, in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964. Plaintiff also brought a claim against USAI under Tennessee common law for negligent retention of another employee whom plaintiff contended harassed her.

1

The District Court entered default against the defendant in the instant case after the defendant failed to answer the complaint or respond in any manner. The District Court then referred the Plaintiff's motion for default judgment (Doc. 8) to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). The undersigned entered a report and recommendation on September 6, 2007 which was adopted by the District Court on September 24, 2007. Final judgment for the plaintiff was entered on September 24, 2007 awarding the plaintiff the following:

1. back pay in the amount of $24,742.54,
2. compensatory damages in the amount of $20,000.00,
3. punitive damages in the amount of $10,000.00,
4. costs in the amount of $350.00,
5. attorney's fees in the amount of $10,580.00, and
6. post-judgment interest on the total amount awarded to her.

Defendants were also ordered to purge all negative comments in the plaintiff's personnel file, to reinstate plaintiff to her former position in the G-Range, and to cease and desist from all retaliatory conduct against the plaintiff in violation of Title VII.

Subsequently, on February 15, 2008, defendant USAI moved to set aside the judgment (Doc. 26) on the ground that USAI did not receive notice of this lawsuit until January 23, 2008, well after entry of default judgment in this case. USAI also moved for a protective order (Doc. 27) requiring that post-trial interrogatories need not be responded to until the Court ruled on USAI's motion to set aside the default judgment. Plaintiff responded in opposition to both motions. Thereafter, on March 12, 2008, USAI moved to "Withdraw all Motions and Pleadings

previously filed by USAI in this case" on the ground that "USAI arguably should have been aware of the existence of this lawsuit" before January 23, 2008 (Doc. 32 at 2). Plaintiff has no opposition to USAI's Motion to Withdraw all Motions and Pleadings -- provided plaintiff recovers the additional attorney's fees she has incurred in responding to USAI's Motion to Set Aside Default Judgment, USAI's Motion for a Protective Order, and USAI's Motion to Withdraw all Motions and Pleadings and in attempting to collect judgment since final judgment was entered against defendant on September 24, 2007. USAI has filed no opposition to this last request by plaintiff.

"Under Title VII, the prevailing party is entitled to an award of reasonable attorney's fees incurred in an action or proceeding brought under Title VII. *See* 42 U.S.C. § 2000e-5(k). It is well established that this includes attorney's fees incurred not just in proceedings leading up to judgment in the initial action, but also in post-judgment attempts to attack the judgment." *Seibel v. Paolino,* 249 B.R. 384, 386 (E.D.Pa.. 2000) (citing *Prandini v. National Tea Co.,* 585 F.2d 47, 53-54 (3d Cir.1978); *Norris v. Hartmarx Specialty Stores, Inc.,* 913 F.2d 253, 257 (5th Cir.1990); *Marks v. Prattco, Inc.,* 633 F.2d 1122, 1125-26 (5th Cir.1981); and *Fischer v. Adams,* 572 F.2d 406, 409 (1st Cir.1978)). Further, "'time spent in preparing, presenting, and trying attorney fee applications is compensable' as part of the reasonable fee." *Gonter v. Hunt Valve Co., Inc.* 510 F.3d 610, 620 (6th Cir. 2007) (quoting *Coulter v. Tennessee*, 805 F.2d 146 (6th Cir. 1996)). As a general rule,

> [i]n the absence of unusual circumstances, the hours allowed for preparing and litigating the attorney fee case should not exceed 3% of the hours in the main case when the issue is submitted on the papers without a trial and should not exceed 5% of the hours in the main case when a trial is necessary. Such guidelines and

> limitations are necessary to insure that the compensation from the attorney fee case will not be out of proportion to the main case and encourage protracted litigation.

*Coulter*, 805 F.2d at 151; *see also Auto Alliance Intern, Inc. v. U.S. Customs Service*, 155 Fed. Appx. 226, 229 (6th Cir. Nov. 23, 2005). Thus, plaintiff is entitled to recover from defendant the reasonable attorney's fees incurred in responding to defendant's three aforementioned motions and in preparing her request for those attorney's fees.

Plaintiff's counsel, Chasity C. Nicoll, has submitted her affidavit and invoices for the work performed in responding to the defendant's three motions. Plaintiff seeks recovery for 29 hours of work performed by Ms. Nicoll at $125.00 per hour. The undersigned has previously determined that $125.00 per hour is a reasonable rate to charge in the instant matter (*See* September 9, 2007 Report and Recommendation at ¶ 50, Doc. 21, adopted by September 24, 2007 Order of the District Court, Doc. 22). Plaintiff's counsel expended considerable time researching and preparing her response to the defendant's motion to set aside the judgment, an effort which seems appropriate under the circumstances. She also expended reasonable efforts to have the judgment executed. With the exception of the time expended to prepare the response to the defendant's Motion to Withdraw All Motions and Pleadings, the undersigned concludes all fees sought for post-judgment work in this matter by plaintiff's counsel is reasonable. Plaintiff's response to the defendant's Motion to Withdraw All Motions and Pleadings is essentially a motion to recover attorney's fees incurred by plaintiff after the judgment was entered. The hours allowed for litigating the attorney fee issue for fees incurred post-judgment should not exceed 3% of the hours incurred in the post-judgment litigation. Ms. Nicoll indicates she spent a total of

4

29.00 hours in post-judgment litigation on this matter. Of that time, 1.8 hours were spent in preparing the response to Defendant's Motion to Withdraw All Motions and Pleadings, which was essentially a request for attorney's fees. Twenty-nine hours minus 1.8 hours is 27.2 hours. Plaintiff is entitled to 27.2 hours at the rate of $125.00 per hour for attorney's fees in the amount of $3,400.00. Three percent of 27.2 hours is .82 hours. Plaintiff is also entitled to .82 hours at the rate of $125.00 per hour in the amount of $102.50 for time spent preparing her post-judgment fee request. Therefore, plaintiff is entitled to attorney's fees in the amount of $3,502.50 for work performed in this matter after entry of judgment.

### III. Conclusion

For the reasons stated herein, it is RECOMMENDED that defendant's Motion to Withdraw all Motions and Pleadings (Doc. 32) be GRANTED and that plaintiff be awarded an additional $3,502.50 in attorney's fees.[1]

Dated: May 5, 2008  s/William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).